UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        Plaintiff,

   v.	20-CV-82-LJV
	DECISION & ORDER

EARL L. BATTLE, *et al.*,

        Defendants.
_____


On January 23, 2020, the plaintiff, the United States of America, commenced this foreclosure action under Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"). Docket Item 1. But unbeknownst to the plaintiff, the defendant mortgagor, Earl L. Battle, had died on January 2, 2020, prior to this action's commencement. *See* Docket Items 4 (status report notifying the Court that Earl L. Battle had passed away) and 13-2 at 15 (death certificate).

On September 21, 2021,[1] the United States moved to amend the complaint under Federal Rule of Civil Procedure 15. Docket Item 13. More specifically, the United States seeks leave to add Earl L. Battle's known heirs—Jermaine L. Battle, Tyrell Battle, and Bryant Battle—and Earl's unknown heirs as defendants; to remove

---

[1] In March 2020, the United States Congress passed the Coronavirus Aid, Relief, and Economic Security Act which included a moratorium on foreclosures of certain federally backed mortgages. *See* 15 U.S.C. § 9056. That moratorium was extended numerous times, *see* Docket Items 4, 6, 10, and as a result, this action was in a holding pattern for much of 2020 and 2021.

Earl L. Battle as a defendant; and to update the amounts due.  *Id.*  The United States also seeks leave to serve the unknown heirs by publication.  *Id.*

For the reasons that follow, leave to amend the complaint is granted, but leave to serve the unknown heirs by publication is denied.

## DISCUSSION

I.    **LEAVE TO AMEND**

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "should [be] freely give[n ] when justice so requires."  Under New York law, "heirs of deceased mortgagors" are "[n]ecessary parties to a foreclosure action."[2]  *PNC Mortg. v. Morka,* 39

---

[2] Earl L. Battle's estate also may be a necessary party to this action.  Ordinarily, in New York, "[a] party may not commence a legal action or proceeding against a dead person, but must instead name the personal representative of the decedent's estate." *Wells Fargo Bank, NA v. Ramdin*, 62 Misc. 3d 392, 393, 89 N.Y.S.3d 883, 885 (Sup. Ct. Queens Cnty. 2018) (alteration in original); *see also* RPAPL § 1311(1).  But "[i]n certain circumstances, the estate of the mortgagor is not a necessary party to a mortgage foreclosure action."  *U.S. Bank Tr., N.A. v. Gedeon*, 181 A.D.3d 745, 747, 121 N.Y.S.3d 276, 278 (2d Dep't 2020).  For example, "'where a mortgagor/property owner dies intestate and the mortgagee does not seek a deficiency judgment, generally a foreclosure action may be commenced directly against the distributees,' in whom title to the real property automatically vests."  *NRZ Pass-Through Tr. IV v. Tarantola*, 192 A.D.3d 819, 821, 144 N.Y.S.3d 196, 198 (2d Dep't 2021) (quoting *U.S. Bank Tr.*, 181 A.D.3d at 747, 121 N.Y.S.3d at 278).  Accordingly, where a plaintiff submits evidence that the deceased mortgagor died intestate and is not seeking a deficiency judgment, courts have found that the estate is not a necessary party.  *See, e.g., Wells Fargo Bank, N.A. v. Miglio*, 197 A.D.3d 776, 777-78, 150 N.Y.S.3d 592, 593-94 (2d Dep't 2021); *Fin. Freedom Sr. Funding Corp. v. Rose*, 64 A.D.3d 539, 539, 883 N.Y.S.2d 546, 547 (2d Dep't 2009).

At this stage of the litigation, it is not clear to this Court whether the estate is a necessary party.  The proposed complaint implies that Earl died intestate, *see* Docket Item 13-3 at ¶¶ 6 ("Earl L. Battle died on 1/2/20 and his interest passed to his [heirs] named herein."), 13 ("[N]o estate has been raised for Earl L. Battle."), but does not explicitly allege whether Earl died intestate or testate.  In the amended complaint, the United States should specify whether Earl died intestate or testate.  *See Wells Fargo Bank, N.A. v. Seibold*, 49 Misc. 3d 1217(A), 29 N.Y.S.3d 850 (Sup. Ct. Richmond Cnty.

2

Misc. 3d 1239(A), 977 N.Y.S.2d 669 (Sup. Ct. Queens Cnty. 2013) (unpublished table decision) (citing *Salomon Bros. Realty Corp. v. Alvarez*, 22 A.D.3d 482, 802 N.Y.S.2d 705 (2d Dep't 2005)); *see also* RPAPL § 1311.

The United States has submitted an affidavit of due diligence stating that Earl L. Battle died on January 2, 2020, and identifying three known heirs—Jermaine L. Battle, Tyrell Battle, and Bryant Battle. *See* Docket Item 13-2. It seeks to add those known heirs; "in an abundance of caution," it seeks to add any unknown heirs as well. Docket Item 13 at 7.

Because leave to amend should be "freely give[n]," and because Earl L. Battle's heirs are "[n]ecessary parties," the United States is granted leave to remove Earl L. Battle as a defendant and to add the following parties as defendants: Jermaine L. Battle as known heir of Earl L. Battle, Tyrell Battle as known heir of Earl L. Battle, Bryant Battle as known heir of Earl L. Battle, and the unknown heirs of Earl L. Battle. The Court also grants the United States leave to update the amounts due in the complaint.

---

2015) (unpublished table decision) ("Case law has [] held that . . . a plaintiff's complaint in a mortgage foreclosure action [needs] to contain factual allegations as to whether the deceased mortgagor died testate or intestate and whether a personal representative has been appointed.").

Moreover, the evidence submitted to suggest that Earl died intestate leaves this Court with some concerns. The affidavit of due diligence by Kimberly Carpintier, Docket Item 13-2, notes that a search of the Surrogate's Court of Cattaraugus County on February 10, 2020, found no entries relating to Earl L. Battle. Docket Item 13-2 at 1, 7. Carpintier affirms that another search of the Surrogate's Court of Cattaraugus County on July 28, 2021, likewise returned no entries relating to Earl. *Id.* at 1. In support, Carpintier cites Exhibit E of the affidavit. But that exhibit is Earl's death certificate, *id.* at 14-15 (Exhibit E), not the July 28, 2021 search results. If and when the United States moves for summary judgment or a default judgment, it should be sure to address why Earl's estate is not a necessary party to the action and submit evidence to establish that Earl died intestate.

## II.     LEAVE TO SERVE THE UNKNOWN HEIRS BY PUBLICATION

Federal Rule of Civil Procedure 4(e) provides that service may be effected on an individual within the United States by following the law of the forum state or the state "where service is made."  In New York, section 315 of the Civil Practice Law and Rules permits a court, upon motion, to order service by publication.  But "service by publication should be ordered only if service cannot be made by another prescribed method with due diligence."  *Caban v. Caban*, 116 A.D.2d 783, 784, 497 N.Y.S.2d 175, 176 (3d Dep't 1986); *Salomon Bros. Realty Corp.*, 22 A.D.3d at 482, 802 N.Y.S.2d at 705.

Where there are "missing heirs[] who will be affected by the judgment, it is the obligation of the plaintiff in the first instance to ascertain the whereabouts of these defendants and only upon a showing of due diligence" may a court order service by publication.  *First Union Nat'l Bank v. Est. of Bailey*, 7 Misc. 3d 1027(A), 801 N.Y.S.2d 233 (Sup. Ct. Kings Cnty. 2005) (unpublished table decision).  And "[i]n the event that their whereabouts cannot be ascertained," the plaintiff should "seek the appointment of a guardian and/or temporary administrator to ensure [that the missing heirs'] interests are protected."  *Id.*  Service of the foreclosure action can then be effected on that guardian or administrator.  *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Est. of Key*, 394 F. Supp. 3d 311, 314 (E.D.N.Y. 2019) (citing *Lambert v. Estren*, 126 A.D.3d 942, 943, 7 N.Y.S.3d 169, 171 (2d Dep't 2015)).

The United States seeks leave to serve the unknown heirs by publication because those heirs "are unidentifiable and [] unknown to [the] plaintiff."  Docket Item 13 at 4.  Of Course, unknown parties cannot be served personally precisely because they are unknown, but that does not mean that service by publication is a first resort.  *Cf.*

4

*Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Est. of Fleming*, 2019 WL 4784800, at *3 (S.D.N.Y. Sept. 30, 2019).  Indeed, service by publication should be a last resort, used "where all other methods of service are unavailable."  *Caban*, 116 A.D.2d at 784, 497 N.Y.S.2d at 176.  And other methods of service may be available and preferred here.

As explained above, where the location of missing heirs cannot be identified, a guardian or administrator can be appointed to accept service.  Here, the United States has at least two options.  It can request that one of the identified heirs—Jermaine L. Battle, Tyrell Battle, or Bryant Battle—apply to the Surrogate's Court of Cattaraugus County to appoint an administrator for Earl's estate. *See Ramdin*, 62 Misc. 3d at 394, 89 N.Y.S.3d at 885-86.  Alternatively, the United States can itself apply to the Surrogate's Court to have the Public Administrator[3] or another individual appointed to represent Earl's estate.[4]  *See id.*

The Court therefore denies leave to serve the unknown heirs by publication.

## **CONCLUSION**

For the reasons stated above, the United States' motion to amend, Docket Item 13, is granted in part.  The United States is granted leave to amend the complaint, but

---

[3] "The Public Administrator is authorized to act whenever any person dies intestate and there is no known person eligible to receive letters of administration." *Id.*

[4] The United States seems to be aware of New York's procedures.  Indeed, in its status reports, it repeatedly represented to the Court that the United States "inten[ded] to commence a Surrogate's Action very soon if an [e]state [did] not already exist." Docket Items 4, 6, 8,10.  But in the motion to amend and the affidavit of due diligence, despite alleging that no estate existed, the United States makes no mention of having commenced a Surrogate's Court action.  *See* Docket Items 13, 13-2.

leave to serve the unknown heirs by publication is denied. The United States may file an amended complaint within 30 days of the date of this order.

SO ORDERED.

Dated: July 5, 2022
Buffalo, New York

/s/ Lawrence J. Vilardo
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE